# CHAIT v STATE OF FLORIDA
## Case No. 86-017-AC (County Court Case No. 69945,6 NC)
Eleventh Judicial Circuit, Appellate Division, Dade County

March 15, 1988

## APPEARANCES OF COUNSEL

**Roy J. Kahn** for appellant.

**Jim Smith,** Attorney General, and **Richard E. Doran,** Assistant Attorney General, for appellee.

Before SALMON, HENDERSON, MASTOS, JJ.

## OPINION OF THE COURT

MASTOS, Judge.

Appellant Chait and one Damaris Leighton were involved in an automobile accident at an intersection in Hialeah, Florida. Both parties sustained injuries and both parties were subsequently transported to a

hospital for observation and treatment. Other than two demolished automobiles, the record is silent as to any witnesses who came forward to describe the driving of either party prior to impact.

The officer responded to the hospital and spoke with Ms. Leighton and the appellant. Both parties had apparently sustained broken legs and the appellant had sustained a fractured arm. When Ms. Leighton was questioned regarding the accident, she said that she was unable to remember anything about it. Upon questioning appellant, the officer detected an odor of alcohol on his breath and placed him under arrest for driving while under the influence of alcohol.

The issue is whether two demolished automobiles, two injured persons, and the odor of alcohol on appellant's breath was sufficient evidence to constitute probable cause to arrest appellant for the above mentioned offense. We think not, and, accordingly, we hereby reverse the trial court's denial of appellant's motion to suppress.

The State of Florida argues that *Jackson v. State,* 456 So.2d 916 (Fla. 1st DCA 1984) and *State v. Silver,* 11 FLW 2514 (Fla. 4th DCA December 3, 1986) illustrate examples of what constitutes probable cause. In *Jackson,* however, the trooper not only smelled alcohol on the defendant's breath, but he was also aware of the circumstances surrounding the accident. In the case at bar, however, the officer did not witness nor was he aware of the circumstances surrounding the accident prior to placing the appellant under arrest. In *Silver,* the officer was approached on the scene by the defendant who then admitted that he was the driver of the Mustang sitting in the southbound lane of North Federal Highway. The officer also immediately noticed the odor of alcohol on the defendant's breath while talking to the defendant. Again, as opposed to the case at bar, the officer was on the scene, made certain observations, and has sufficient facts to constitute probable cause.

Accordingly, we feel that an accident and merely the odor of alcohol without something more cannot constitute probable cause. For instance, had the officer, or an independent witness, testified as to the manner in which appellant was driving prior to the accident, probable cause would then have been established.

Because we find that appellant's arrest was effectuated without probable cause, we deem it unnecessary to discuss the drawing of appellant's blood over his objection.

REVERSED AND REMANDED.